**Not for Publication in West's Federal Reporter**
**Citation Limited Pursuant to 1st Cir. Loc. R. 32.3**

# United States Court of Appeals
## For the First Circuit

---

No. 03-2260

JOSEPH C. DRESSLER,

Plaintiff, Appellant,

v.

COMMUNITY SERVICE COMMUNICATIONS, INC.,

Defendant, Appellee.

---

APPEAL FROM THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MAINE

[Hon. Margaret J. Kravchuk, U.S. Magistrate Judge]

---

Before

Boudin, Chief Judge,
Selya and Lipez, Circuit Judges.

---

Joseph C. Dressler on brief pro se.
S. Mason Pratt, Ella L. Brown, and Pierce Atwood on brief for appellee.

---

November 19, 2004

---

**Per Curiam**.  For four years Joseph Dressler was manager in charge of the Human Resources department of Commtel, a Maine telecommunications company.  In the fall of 2000, Dressler, with company approval, took intermittent leave to assist his wife, then undergoing weekly treatments for cancer.  The Family and Medical Leave Act (FMLA), 29 U.S.C. §§ 2601-54, requires the employer to permit up to 12 weeks of unpaid leave a year to care for a family member, intermittent leave being permitted at the employer's discretion, id. § 2612.

At the time, the company was undergoing a dramatic expansion into new areas.  In December 2000, Dressler told Scott Roberts, the president and chief operating officer of the company, that he might need additional FMLA leave, although he was unsure how much or when.  According to Dressler, Roberts replied that if he did so, the company might need to appoint a director of Human Resources, over Dressler, to head the department.

Dressler in fact took only a few days of FMLA leave over the next ten months.  Nevertheless, in the spring of 2001, the company did appoint a director to head the Human Resources unit; Dressler kept his title and pay but no longer headed the unit. When financial reverses struck the company a few months later, there was a major companywide reduction in force and Dressler lost his job while the new Human Resources director was retained.

Dressler filed suit against the company under the FMLA. After discovery, the company moved for summary judgment. An extensive opinion granting summary judgment to the company was entered, 275 F. Supp. 2d 17 (D. Me. 2003), and Dressler now appeals.

Although Dressler's claims have varied during the course of the case, on appeal the issues have been narrowed. Dressler now complains not about his ultimate discharge but rather about the company's decision to bring in a division chief over Dressler's head or, if the position was to be created at all, the company's failure to name Dressler to this position. Under the FMLA, an employee is entitled to be restored to his or her former position or an equivalent one after returning from FMLA leave, 29 U.S.C. § 2614(a)(1), and an employer is prohibited from interfering with this right, id. § 2615(a)(1). The FMLA also contains a ban on retaliating against an employee for exercising his or her rights, id. §§ 2615(a)(2), 2615(b); 29 C.F.R. § 825.220(c), but Dressler no longer relies upon a retaliation theory.

The evidence surrounding the decision to install a new division chief for the Human Resources unit is complicated and is described in considerable detail in the district court's decision. 275 F. Supp. 2d at 19-21. Although the prospect of Dressler's taking further extended leave may have prompted Roberts to consider the possibility of such a position, there was

extensive evidence that by the spring of 2001, Dressler's performance in the company had deteriorated (there were complaints from other managers); the company was also creating a number of new division directors, during the same period, requiring the managers to report to those new chiefs; and the company was independently interested in expanding the capability of the Human Resources unit to include a so-called "organizational development" function--a set of skills that Dressler did not fully possess. There were thus substantial reasons for the company to introduce a new director, other than Dressler, to head the division.

We will assume that Dressler, even though restored to his original title and salary, was not fully restored to his old position because that position had once included the leadership of the Human Resources unit which was now in the hands of the director. Nevertheless, the obligation to restore an employee who has taken leave is qualified; if a change in position would have occurred regardless of whether the employee took leave, the FMLA does not protect him against such change. 29 U.S.C. § 2614(a)(3)(B); 29 C.F.R. § 825.216(a).

In substance, the district court ruled that a director of the unit would have been appointed regardless of whether Dressler had taken leave and that, due to the judgments about Dressler's performance and his lack of organizational development skills,

that person would not have been Dressler. 275 F. Supp. 2d at 24-25.  The question for us is whether the district court was entitled to reach this conclusion at the summary judgment stage, finding the evidence so one-sided that no material issue of disputed fact was posed for a jury.

We have considered the same evidence, reviewed the matter de novo and drawn all reasonable inferences in Dressler's favor.  Joyal v. Hasbro, Inc., 380 F.3d 14, 16 (1st Cir. 2004).  Nevertheless, we agree with the district court's evaluation.  The possibility that Dressler would need considerable FMLA leave in 2001 may have played a role in prompting Roberts to consider the need for a director.  But directors were named in various other departments as well; Dressler only took minimal FMLA leave after December 2000; and the independent reasons for appointing a Human Resources director other than Dressler were substantial and sufficient to explain the decision.  No reasonable jury could have found otherwise.

Affirmed.